Gina M. Austin (SBN 246833)
E-mail: gaustin@austinlegalgroup.com
Tamara M. Leetham (SBN 234419)
E-mail: tamara@austinlegalgroup.com
AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110
Phone: (619) 924-9600
Facsimile: (619) 881-0045

Plaintiff Zerez Holdings Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ZEREZ HOLDINGS CORPORATION, an Oklahoma corporation,

Plaintiff,

v.

TARPON BAY PARTNERS, LLC, a Florida limited liability company, and SOUTHRIDGE ADVISORS II, LLC, a Delaware limited liability company, STEPHEN M. HICKS, and DOES 1 – 25,

Defendants.

**CASE NO.: 2:17-CV-00029-TLN-DB**

**PLAINTIFF ZEREZ HOLDINGS CORPORATION'S OPPOSITION TO TARPON BAY PARTNERS, LLC'S AND SOUTHRIDGE ADVISORS, II, LLC'S MOTION TO TRANSFER VENUE**

Judge: Hon. Troy L. Nunley
Courtroom: 2
Date: June 15, 2017
Time: 2:00 p.m.



AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1

II. STATEMENT OF FACTS ........ 2

III. DEFENDANTS FAIL TO MEET THE HEAVY BURDEN REQUIRED TO TRANSFER VENUE ........ 3

IV. THE EASTERN DISTRICT OF CALIFORNIA IS THE MOST APPROPRIATE FORUM ........ 4

A. THE FIRST TO FILE RULE AND ZEREZ'S MOTION TO DISMISS IN THE CONNECTICUT MATTER SHOW THAT THERE IS NO DUPLICATION OF EFFORTS ........ 5

B. PLAINTIFF'S CHOICE OF FORUM IS ENTITLED TO DEFERENCE ........ 6

C. THE PRIVATE CONVENIENCE FACTORS FAVOR FORUM IN THE EASTERN DISTRICT OF CALIFORNIA ........ 6

1. The Eastern District Is Convenient For The Witnesses ........ 7

2. Sources Of Proof And Location Of Documents ........ 9

3. Financial Condition Of The Parties ........ 9

D. THE PUBLIC CONVENIENCE FACTORS FAVOR FORUM IN THE EASTERN DISTRICT OF CALIFORNIA ........ 11

4. DEFENDANTS HAVE FAILED TO ESTABLISH ANY RECORD FROM WHICH THE COURT MIGHT EVALUATE THE FORUM SELECTION CLAUSE ........ 12

V. CONCLUSION ........ 13

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

## TABLE OF AUTHORITIES

**Cases ....... Page #**

*Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142 (E.D. Cal. 2010) ....... 5

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) ....... 5

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d, 834 (9th Cir. 1986) ....... 3, 4, 6

*DeFazio v. Hollister Employee Ownership Trust*, 406 F.Supp.2d 1085 (E.D. Cal. 2005) ....... 7

*E & J. Gallo Winery v. F. & P. SpA.*, 899 F.Supp. 465 (E.D. Cal. 1994) ....... 3

*Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306 (5th Cir. 1999) ....... 5

*Hurtado v. Superior Court*, 11 Cal.3d 574 (Cal. 1974) ....... 11

*Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093 (N.D. Cal. 2006) ....... 5

*Insurance Co. of North America v. Federal Express Corp.*, 189 F.3d 914 (9th Cir. 1999) ....... 11

*Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671 (5th Cir. 2011) ....... 5

*Jaco Environmental Inc. v. Appliance Recycling Centers of America Inc.*, WL 951274 (N.D. Cal. 2007) ....... 4, 7

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3rd Cir. 1995) ....... 9

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237 (9th Cir. 2015) ....... 5

*Oppen v. Aetna Ins. Co.*, 485 F.2d 252 (9th Cir. 1973) ....... 11

*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ....... 1, 4

*Wellens Daiichi Sankyo Co., Inc.* 2013 WL 3242294 (N.D. Cal. 2013) ....... 6

**Statutes**

28 U.S.C. § 1391(b) ....... 1

28 U.S.C. § 1404(a) ....... 1

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

Plaintiff Zerez Holdings Corporation ("Zerez" or "Plaintiff") respectfully submits its opposition to defendants Tarpon Bay Partners, LLC's ("Tarpon") and Southridge Advisors, II, LLC's ("Southridge") (collectively Tarpon and Southridge referred to as "Defendants") motion to transfer venue ("Motion") as follows:

## I. INTRODUCTION

Zerez brings this action in the Eastern District of California against defendants Tarpon, Southridge, and Stephen M. Hicks ("Hicks") seeking to remedy violations of federal and state law related to their unlawful attempts to have Zerez stock issued in Tarpon's name and sell that stock for significant financial gain. Zerez properly plead that venue is based upon 28 U.S.C. § 1391(b) in paragraph 12 of its First Amended Complaint ("FAC").

Defendants seek to transfer venue to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a) ("Section 1404"). Section 1404's purpose is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." (*Van Dusen v. Barrack*, 376 U.S. 612 (1964).) Transferring this case to Connecticut would not serve these purposes and Defendants have failed to show the facts favor a transfer.

In essence, Defendants argue transfer is appropriate because their principal, Stephen Hicks, and his legion of attorneys find it more convenient to conduct legal services for Defendants on the East Coast. However, changing venue to Connecticut is more convenient only for Defendants and this alone does not warrant transferring the case to Connecticut.

Plaintiff chose the Eastern District of California and was the first to file. Plaintiff sued Tarpon, Southridge, and Hicks, who is not a party to this Motion, for federal securities violations as well as California state law claims. Plaintiff's chosen counsel is in California as are key non-party percipient witnesses. California has an interest in the parties and the subject matter of this lawsuit.

Defendants' arguments in support of transfer purposefully and willfully "misunderstand" the nature of this lawsuit and the claims Plaintiff has against all defendants. Defendants seek to transfer venue to Connecticut knowing that Tarpon only sued Zerez for

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

claims arising from a convertible promissory note ("Connecticut Action"). Southridge and Hicks are not parties in the Connecticut Action and, based on the Connecticut Action, have no claims against Zerez. Defendants are well aware that the Connecticut Action is one piece of a larger litigation puzzle.

Further, Tarpon's Motion runs contradictory to its own actions; e.g. Tarpon sued Zerez in Florida state court in November 2016 on the same convertible note that is the subject matter of the Connecticut Action. Tarpon is forum shopping. This is unsurprising as Tarpon is a litigious entity that employs attorneys throughout the United States, as evidenced by myriad litigation commenced in Florida and Connecticut. Tarpon attempts to use its excessive need for legal counsel to deprive its adversary of a fair and convenient forum.

In sum, Defendants initiated first contact with a California company and solicited business from a California company. Tarpon entered into multiple contracts with non-party California residents as required by the Southridge-Zerez agreement and Tarpon engaged with Plaintiff's California corporate counsel when it began to allege claims against Plaintiff. For these reasons, California should remain the venue for this action.

## II. <u>STATEMENT OF FACTS</u>

On January 6, 2017, Zerez commenced this action.

On February 27, 2017, Zerez filed its FAC, alleging claims against Southridge, Tarpon, and Hicks for securities fraud (Section 10b and Rule 10B-5), breach of implied contract, declaratory relief, breach of fiduciary duty, usury, rescission and unfair competition.

Zerez's claims arise out of the Defendants' solicitation of Zerez to provide financial advisory services that were allegedly designed to "clean up" Zerez's balance sheet by converting its then-substantial debt into equity, thereby making Zerez more attractive to future investors. (FAC ¶¶ 20, 36-38.) Zerez alleges that the Defendants fraudulently induced Zerez to agree to a transaction, pursuant to Section 3(a)(10) of the Securities Act of 1933, by which Tarpon Bay would: (a) purchase Zerez's debts from its creditors; (b) promptly commence a lawsuit against Zerez on those obligations; and then (c) seek prompt court approval, at a fairness hearing, to settle its claims against Zerez. (Id., 39-49.) The terms of the "settlement"

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

were to include Zerez issuing unregistered shares of common stock to Tarpon, in return for which Zerez's debts would be cancelled. (Id.) As part of the Section 3(a)(10) transaction, Zerez was to issue a convertible promissory note to Tarpon for its services. (Id., 47-49.)

The FAC alleges that Defendants failed, among other things, to seek court approval for the settlement of Zerez's debts, thereby breaching the parties' agreement. As a result, Zerez rescinded the convertible promissory note and the entirety of the Section 3(a)(10) transaction. (Id., 50-59.)

On March 3, 2017, approximately two months after Zerez commenced this action, and a week after it filed its FAC, Tarpon initiated an action, on March 3, 2017, by filing a complaint and related pleadings in Connecticut state court (see *Tarpon Bay v. Zerez Holdings Corporation flkla Definitive Rest Matteress Company*, Case No. DBD-CV17-6021890-S (Conn. Super. Ct., filed March 3, 2017).)

On April 7, 2017, Zerez timely removed the Connecticut Action to the United States District Court, District of Connecticut. Tarpon filed a copy of Zerez's Notice of Removal and its Complaint as Exhibits A and B of its Request for Judicial Notice.

## III. <u>DEFENDANTS FAIL TO MEET THE HEAVY BURDEN REQUIRED TO TRANSFER VENUE</u>

As the moving party, Defendants bear the burden of a "strong showing" that the inconvenience of litigating in the Eastern District of California favors transfer to the District of Connecticut. The movant bears a heavy burden of showing a clear balance of inconveniences to it. Unless the balance is strongly in favor of the defendant, Plaintiff's choice of forum should not be disturbed. (*Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *E & J. Gallo Winery v. F. & P. SpA.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) (Defendant "bears a heavy burden of showing a clear balance of inconveniences to it").)

For a district court to transfer an action under Section 1404, the court must make the following two findings: (1) that the transferee court is one where the action "might have been brought," and (2) that the convenience of the parties and the witnesses and the interest of justice favor transfer. (*Jaco Environmental Inc. v. Appliance Recycling Centers of America Inc.*, WL

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

951274 (N.D. Cal. 2007).) Plaintiff concedes this action might have been brought in Connecticut or Florida and the first prong is not in dispute.

The second prong, the "determination of convenience," turns on a set of private and public factors averred in *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d, 834, 843 (9th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).) The private factors include (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; (3) possibility of view of premises, if appropriate; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.

The public factors include (1) relative court congestion; (2) local interest to resolution of localized controversies at home; (3) interest of having the trial of a diversity case in a forum with governing law over the action; (4) avoidance of problems with conflict of laws; (5) unfairness of burdening citizens in an unrelated forum with jury duty. (*Id.*) The Court must take into consideration all of the relevant factors at issue in the present litigation by making an "individualized, case-by-case consideration of convenience and fairness." (*Van Dusen v. Barrack,* 376 U.S. 612 (1964).) The convenience factors must outweigh the deference given to Plaintiff's choice of forum to warrant transfer. (*See Decker Coal Co.*, 805 F.2d at 843.) In this case, these factors do not favor transfer and the Motion should be denied.

## IV. <u>THE EASTERN DISTRICT OF CALIFORNIA IS THE MOST APPROPRIATE FORUM</u>

The Eastern District of California is the most appropriate forum to litigate the parties' claims. Plaintiff was the first to file, which favors denial of this Motion. Plaintiff's choice of forum is entitled to deference. The private factors and the public factors both favor the Eastern District of California.

///

///

///

///

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

**A. The First To File Rule And Zerez's Motion To Dismiss In The Connecticut Matter Show That There Is No Duplication Of Efforts**

The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court. (*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015.) The first-to-file rule is intended to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." (*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (alteration in original) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)) (internal quotation marks omitted)).) The first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." (*Alltrade*, 946 F.2d at 625 (citation and internal quotation marks omitted).) Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. (*Id.*)

Here, Zerez sued Defendants in this action three months prior to Tarpon suing Zerez in the Connecticut Action. Zerez also filed its FAC prior to Tarpon filing the Connecticut Action.

The parties in this proceeding and the Connecticut Action are similar. Zerez is the Plaintiff in this action and the named defendant in the Connecticut Action. Tarpon is a defendant in this Action and the plaintiff in the Connecticut Action. As alleged in its FAC, Zerez believes that there is a unity of interest between Tarpon, Southridge and Hicks and that Tarpon and Southridge are alter egos of Hicks.

The issues in this case and the Connecticut Action are similar, not identical. The Court must look at the similarity of the issues although the issues in both cases need not be identical, only substantially similar. (*Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011); *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).) To determine whether two suits involve substantially similar issues, we look at whether there is "substantial overlap" between the two suits. *See Harris Cnty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999).

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

Tarpon's allegations in the Connecticut Action arise out of the same nucleus of facts as those in this action, and should have been brought as compulsory counterclaims. In fact, the convertible promissory note is the subject of Plaintiff's recession claim in this action and is the subject of Tarpon's claims in their Connecticut Action. This action is more comprehensive in that Zerez named Tarpon and its alter egos- Hicks and Southridge, and alleged facts and circumstances surrounding the entire transaction that constitute securities fraud and breach of fiduciary duty. Zerez filed a motion to dismiss, stay, or transfer the Connecticut Action. (See Ex. 1 of Leetham Decl.)

Thus, after analyzing the chronology of the lawsuits (this matter and the Connecticut Action), the similarity of the parties, and the similarity of the issues, the lawsuit was properly brought in the Eastern District of California and should remain here.

**B. Plaintiff's Choice Of Forum Is Entitled To Deference**

The Ninth Circuit has held that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." (*Decker Coal Co. v. Commonwealth Edison Co., supra,* 805 F.2d at 843.) Similarly, the Ninth Circuit has held that "unless the balance of factors is strongly in favor of the defendants, the Plaintiff's choice of forum should rarely be disturbed." (*Wellens Daiichi Sankyo Co., Inc.* 2013 WL 3242294, *3 (N.D. Cal. 2013) quoting *Sec. Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985).)

Plaintiff has chosen venue in the Eastern District of California. As shown below, Defendants fail to meet their burden of showing the balance of Section 1404 factors strongly favors them. Accordingly, Plaintiff's choice of forum should not be disturbed.

**C. The Private Convenience Factors Favor Forum In The Eastern District Of California**

The private convenience and fairness factors, including ease of access to sources of proof, relative convenience to the parties, and relative convenience to witnesses favor the Eastern District of California.

///

1. The Eastern District Is Convenient For The Witnesses

Courts must consider the effect of transfer on the availability of witnesses to testify at trial, particularly for third party witnesses. (*DeFazio v. Hollister Employee Ownership Trust,* 406 F.Supp.2d 1085, 1090 (E.D. Cal. 2005).)

*i. Convenience To The Parties Favors The Eastern District*

Zerez is headquartered in California. (Smith Decl. ¶¶ 3, 7.) Zerez's potential party witnesses, its CEO, CFO, and general counsel all live in California. (Smith Decl. ¶¶ 8-9; Leetham Decl. ¶¶ 5-6.) Zerez has five team members, two of whom have decision making authority, and it has approximately 80 active projects. (Smith Decl. ¶ 12.) It would be detrimental to Zerez to take executive management out of their day-to-day operations to appear in court in Connecticut. (Smith Decl. ¶ 11.) Given the above, it would be most convenient to litigate in the Eastern District, which is where, and why, Zerez sued Defendants in the EasterN District.

The convenience of Defendants' witnesses is entitled to little weight because the potential witnesses Defendants list are either employees or attorneys of the parties seeking transfer and Defendants will be able to compel their attendance at trial. (*See Jaco Environmental Inc. v. Appliance Recycling Centers of America, Inc.*, 2007 WL 951274 *4 (N.D. Cal 2007) (the convenience of defendant's party witness is entitled to little weight because the witness is an employee of the party seeking transfer and defendants will be able to compel attendance at trial).)

Defendants' evidence supporting transfer exists almost entirely of the inconvenience of their attorneys or employees. Defendants submitted the declaration of Zachary Blumenthal. Mr. Blumenthal is one of Tarpon's attorneys and is based in New York. Mr. Blumenthal wrote demand letters on Tarpon's behalf to Zerez in California. Defendants have the ability to compel Mr. Blumenthal's attendance at trial in California.

Defendants submitted the declaration of Henry Sargent. Mr. Sargent is one of Southridge's attorneys and Tarpon's manager. Mr. Sargent also serves as general counsel to

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

Defendants. Defendants have the ability to compel Mr. Sargent's attendance at trial in California.

Defendants submitted the declaration of Michael S. Rosenblum. Mr. Rosenblum is Defendants' California attorney. Mr. Rosenblum declares that Defendants' witnesses are Stephen Hicks, a party; Anish Aswani, a Southridge employee; Zachary Blumenthal, an attorney for Tarpon; Dylan Rivers, a Florida attorney for Tarpon; Matt Stout, a Maryland attorney for Tarpon; Linda Carlsen, a Southridge employee; Larry Ditkoff, a Southridge employee; and Tom Saunders, Southridge's former CFO. Of the nine witnesses Mr. Rosenblum lists in his declaration, all but one witness is an attorney or employee. The only non-party witness Defendants listed is on the east coast. However Defendants do not declare that this witness, Tom Saunders, is necessary to testify at trial.

Zerez should not be forced to litigate in Connecticut in order to appease Defendants' army of east coast attorneys and one potential non-party witness.

*i. California Is Convenient For Third Party Witnesses*

California is the residence of several key non-party witnesses whose testimony is anticipated. Zerez has eight non-party witnesses whose testimony will be critical to Zerez's claims. (Leetham Decl. ¶ 2; Smith Decl. ¶ 4.) These witnesses are Zerez creditors who were contacted by Tarpon and entered into claims purchase agreements with Tarpon. (Id.) These creditors will testify that Tarpon failed to perform on the claims purchase agreements. (Id.)

Of these eight non-party creditors, seven of them are located in California and one is located in Canada. (Leetham Decl. ¶ 3; Smith Decl. ¶ 5.) Specifically, one creditor is located in Commerce, California; two creditors are located in Mission Viejo, California; two creditors are located in Laguna Hills, California; one creditor is located in Irvine, California; and one creditor is located in Fullerton, California. (Id.)

Zerez's former Chief Executive Officer and President, Juan Carlos Murga, resides in Central America, which is far closer to California than Connecticut. (Leetham Decl. ¶ 4; Smith Decl. ¶ 6.)

///

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

Defendants argue that it is more convenient in Connecticut, yet they identify only one potential non-party witness. The convenience for this one potential witness does not warrant transfer.

2. Sources Of Proof And Location Of Documents

There is no single location that would provide easiest access to all of the relevant evidence. Zerez will likely have proof located in various jurisdictions as will Defendants. Sources of proof obtained from non-party witnesses will be available in California.

Defendants' argument that the documentary evidence is located primarily in Florida and Connecticut is untrue and insufficient to support granting the Motion. First, Defendants admit that "some" of the documents are in Zerez's possession. Presumably Defendants are referring to the documents it references in its opposition including the Term Sheet, the Convertible Note and the pleadings. Second, technological advances have virtually eliminated this burden and the documentary evidence is electronically available (Smith Decl. ¶ 10) or in possession of Zerez's non-party California creditors (the claims purchase agreements). The fact that Defendants reference documents possessed by non-parties in California supports venue in California, not Connecticut. Defendants have failed to show that they possess unique records that would be unduly burdensome to transport or produce. In this age of technology, it is of no consequence in serving documents that the parties are 1 mile or 1,000 miles apart. The most favorable view of Defendants argument regarding the location of documents is, at best, neutral, which does not support granting the Motion.

3. Financial Condition Of The Parties

When considering a motion to transfer, in addition to giving plaintiff's choice of forum great deference, the court may also consider the private factor of the relative physical and financial condition of the parties. (*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995).)

Defendants argue that because it already has counsel in Connecticut, and most of the witnesses are in Connecticut, the cost of litigating would be far less than in California. At best, this argument is "neutral" and does not favor transfer to Connecticut.

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

Defendants' argument that because it already has counsel in Connecticut, venue should be transferred to Connecticut is puzzling as Zerez is in the same situation. Zerez has California counsel and retained California counsel to file its Complaint and the FAC. Unlike Defendants, Zerez retained California counsel to sue Defendants prior to Defendants initiating the Connecticut Action. Defendants' argument that somehow its retention of Connecticut counsel favors transfer is inapposite to its Motion. Similarly, Defendants' "witnesses" are comprised almost exclusively of their numerous attorneys and employees thus the cost to Defendants is no different than the cost to Plaintiffs as it relates to party witnesses and Defendants choice to call those party witnesses to testify. Defendants request in essence requires Zerez to bear the cost of Defendants' attorneys' testimony.

Moreover, Tarpon has argued under penalty of perjury in the Connecticut Action that it believes Zerez is insolvent. Tarpon has taken this position as evidentiary support for its request for a mandatory preliminary injunction; it has argued that it should be awarded Zerez shares in lieu of damages because Zerez is insolvent. It is ironic that in this Motion, Tarpon and Southridge have taken a contradictory position that somehow Zerez is solvent enough to pay for the expense of litigating on the opposite coast.

Finally, Tarpon, at a minimum, has the resources to engage in myriad litigation as evidenced by the 16 lawsuits it has filed in Leon County Florida since 2013. (See Ex. 8 of Leetham Decl.) Defendants' resources exceed those of Zerez, making litigation in California more feasible for Defendants than it would be for Zerez in Connecticut.

Contrary to Tarpon's position in the Connecticut Action, Zerez is not insolvent. While the company is experiencing good growth, the cost of litigating in Connecticut would cause economic loss in Zerez's day-to-day business operations as well as expenditures related to travel for the company and its attorneys. (Smith Decl. ¶¶ 11-14.) Zerez sued Defendants in the Eastern District because litigating elsewhere did not make sense and is cost prohibitive. (Smith Decl. ¶ 14.)

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

As demonstrated above, the private convenience factors do not warrant transfer. Even assuming inconvenience for Defendants, at best, a transfer "would merely shift rather than eliminate the inconvenience." (*Decker Coal Co.,* 805 F.2d at 843.)

**D. The Public Convenience Factors Favor Forum In The Eastern District Of California**

The public factors favor California as well. Specifically, the factors of relative court congestion, local interest, choice of law, and unfairness of burdening citizens favor California. First, the dispute is not centered on Southridge in Connecticut; instead, the locus of the dispute is in California where the injury to Zerez has occurred. (*See Oppen v. Aetna Ins. Co.,* 485 F.2d 252, 256 (9th Cir. 1973) ("[t]he locus of a tort is the place where injury takes effect.")

Second, it is well-settled that California courts apply a "governmental interest" approach to resolution of conflict of law issues. (*Hurtado v. Superior Court*, 11 Cal.3d 574, 579 (Cal. 1974).) Under such an approach, a court must first determine if a true conflict between two states' laws exist. (*Id.*, 11 Cal.3d at 579.) If so, it will then analyze the respective interests of the states involved and determine which has an overriding interest in having its law applied. (*Id.*) However, if no true conflict exists, a forum is "entitled to apply its own law." (*Insurance Co. of North America v. Federal Express Corp.,* 189 F.3d 914, 921 (9th Cir. 1999)(citing *Rivera v. Southern Pacific Transp. Co.*, 217 Cal.App.3d 294, 299 (Cal.App. 1990).) Defendants' Motion makes no mention or claim that there is a conflict between California law and Connecticut law. Because there is no conflict of laws alleged or argued by Defendants, California is entitled to apply its own law.

Third, Defendants have offered no evidence and no argument as to court congestion and the relative speed at which the California court and the Connecticut court may resolve the case. Defendants presented no evidence that the District of Connecticut has a historically fast case resolution in general or in comparison to the Eastern District of California. Defendants have not sufficiently argued that the District of Connecticut has a particular interest in this dispute other than the fact that Tarpon, a Florida company, who originally sued Zerez in Florida, decided to sue Zerez again in Connecticut. As discussed above, Defendants have failed to

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

show that Connecticut is particularly convenient to the Defendants or other non-party witnesses.

Lastly, Tarpon argues that it is significant that it hastily filed a temporary restraining order and preliminary injunction in the Connecticut Action. It is significant that Tarpon's preliminary injunction motion was denied on May 8, 2017. (Leetham Decl. ¶ 15.)

In sum, neither the private nor public "convenience" factors provide enough support for transfer of the California action to Connecticut. Defendants have not met their burden on this Motion.

4. <u>DEFENDANTS HAVE FAILED TO ESTABLISH ANY RECORD FROM WHICH THE COURT MIGHT EVALUATE THE FORUM SELECTION CLAUSE</u>

Through the Motion, Defendants offer Tarpon's convertible note with Plaintiff as the basis for forum in Connecticut. Defendants argue that the Tarpon-Zerez convertible note is sufficient to warrant venue in Connecticut. Defendants' argument falls short.

Southridge is not a party to the convertible note and thus this clause is inapplicable to the Zerez-Southridge claims. Further, the Tarpon-Zerez convertible note is not the primary agreement governing the parties' relationship. Zerez was initially contacted by Southridge and the Southridge-Zerez Term Sheet, which pre-dated the Tarpon-Zerez note, does not contain any choice of law or jurisdiction language. (See Ex. 5 of Leetham Decl. (referring to Exhibit 1 of the Murga Declaration).)

Defendants' argument is also contradictory as Tarpon sued Zerez in Florida, on the convertible promissory note, in direct contradiction of its own venue selection clause. (See Ex. 3 of Leetham Decl. (referring to Exhibit 4 of the Zeitlin Declaration).)

These facts render the forum selection clause in the Tarpon-Zerez note meaningless and thereby not a basis for transferring venue to Connecticut.

///

///

///

## V. CONCLUSION

Defendants have failed to show meet the standard required to warrant change of venue to the District Court of Connecticut. Accordingly, Zerez respectfully requests the Court deny Defendants Motion. If the Court is inclined to grant the Motion, Zerez respectfully requests the Court make specific legal and factual findings as to venue and that Zerez be afforded the opportunity to remedy those issues, if any, by amending the FAC and/or conducting discovery on those issues.

DATED: May 8, 2017

AUSTIN LEGAL GROUP, APC

By: /s/Tamara M. Leetham
Tamara M. Leetham
Attorney for Plaintiff Zerez Holdings Corporation

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

AUSTIN LEGAL GROUP, APC
3990 Old Town Ave, Ste A-112
San Diego, CA 92110

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2017, a copy of the foregoing was filed electronically on the CM/ECF filing system and served by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/Tamara Leetham____________