Michael S. Rosenblum, SBN 126284
LAW OFFICES OF MICHAEL S. ROSENBLUM,
A Professional Corporation
1875 Century Park E Ste 700
Los Angeles, CA 90067
(310) 286-2100
Email: msr@rosenblumlaw.net

Neil M. Sunkin, SBN 153868
LAW OFFICE OF NEIL M. SUNKIN,
A Professional Corporation
22908 Gershwin Dr.
Woodland Hills, CA 91364
(818) 876-9975
Email: nms@sunkinlaw.com

Attorneys for Specially Appearing
Defendant STEPHEN M. HICKS

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZEREZ HOLDINGS CORPORATION, an Oklahoma corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARPON BAY PARTNERS, LLC, a Florida limited liability company; SOUTHRIDGE ADVISORS II, LLC, a Delaware limited liability company; STEPHEN M. HICKS, and DOES 1-25,<br><br>Defendants. | CASE NO. 2:17-CV-00029-TLN-DB<br><br>**SPECIALLY APPEARING DEFENDANT STEPHEN M. HICKS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: June 15, 2017<br>Time: 2: p.m.<br>Courtroom: 2<br><br>[Concurrently filed with Joinder in Reply ISO Motion to Dismiss Under F.R.C.P 12(b)(6); and Reply ISO Motion to Dismiss FAC Under F.R.C.P. 12(b)(6)] |

**1. <u>Hicks' Motion to Dismiss under RFCP 12(b)(2) Must be Granted</u>.**

As the Motion makes clear the law requires each defendant's "contacts" with the forum state to be assessed *individually*; a non-resident individual cannot be subject to jurisdiction based solely on acts in the forum state undertaken in his capacity acting for an entity; and the fact that a corporation is subject to jurisdiction does not mean that non-resident officers, directors, agents and employees are as well. In the Opposition, Plaintiff does not address any of this law. Instead, Plaintiff's argument shows that Hicks' contacts with California **<u>are</u>** based solely on the activity of an entity and on Hicks' in acting as an agent for an entity, as Plaintiff argues, "Southridge reach[ing] out to Plaintiff which began the events that led to Plaintiff's complaint" and [Opposition to Defendants' Motion to Dismiss (Opposition"), p. 20, ll. 1-2.] Further, Plaintiff states, "[t]he cause of action solely arise out of the Term Sheet, which was signed by *Hicks and relates to Southridge's contacts with Plaintiff*, a California domiciled business. (Opp., p. 20, ll. 5-7 (emphasis supplied).) Apparently, this is intended to refer to Southridge's solicitation of Plaintiff, which Plaintiff suggests Hicks may not even have been aware of; as Plaintiff states, "[e]ven if Hicks was not aware of the solicitation by his company, he signed the Term Sheet." (Opp., p. 20, ll. 3-5.) Notably, Plaintiff does not even argue that the signing of the Term Sheet took place in California. In any event, Hicks' signature on the Term Sheet shows that he signed "on behalf of the funds advised by Southridge Advisors II, LLC." Accordingly, there is no basis for personal jurisdiction over Hicks, and his motion to dismiss should be granted.

**2. <u>Specially Appearing Defendant Hicks Joins in the Reply In Support of the Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)</u>.**

Hicks joins in all of the arguments made in the concurrently filed Reply In Support of the

Motion to Dismiss the First Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6), as if set forth in full herein.

Dated: June 7, 2017

LAW OFFICES OF MICHAEL S. ROSENBLUM,
A Professional Corporation
and
LAW OFFICE OF NEIL M. SUNKIN,
A Professional Corporation

By: /S/ Neil M. Sunkin, Esq.
Attorneys for Specially Appearing Defendant
STEPHEN M. HICKS